UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
JOSHUA ADAMS,

                Plaintiff,

  -against-

8618-8620 THIRD AVENUE REALTY
CORP., and COMEAU GROUP, INC.,

                Defendants.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 22-CV-05722 (FB) (RER)

**BLOCK, Senior District Judge:**

On July 28, 2023, Magistrate Judge Reyes Jr. issued a Report and Recommendation ("R&R") recommending that the Court grant Joshua Adams' ("Plaintiff") motion for default judgment. Plaintiff commenced this action against 8618-8620 Third Avenue Realty Corp. and Comeau Group, Inc. (collectively, "Defendants") on September 23, 2022, seeking injunctive relief and attorney's fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). Upon Plaintiff's application and in light of Defendants' failure to appear in or otherwise defend this action, the Clerk of the Court entered Defendants' default on December 28, 2022. Plaintiff then moved for a default judgment. Upon review of Plaintiff's motion, Magistrate Judge Reyes found that all service and procedural requirements had been satisfied and that the allegations set forth in Plaintiff's

Complaint stated valid claims sufficient for this Court to enter a default judgment.

Accordingly, Magistrate Reyes recommended that the Court issue an injunction requiring that: (1) Defendants prepare architectural plans remedying the violations of the ADAAG described in the Complaint and provide Plaintiff's counsel with those plans for review within sixty days of the Court's order; (2) Plaintiff consent to the plans or seek further relief from the Court regarding the plans within thirty days of receipt; and (3) Defendants complete the necessary alterations within sixty days after Plaintiff consents to the alterations or after an order is granted on Plaintiff's request for further relief. R&R at 10. Magistrate Reyes separately recommended that the Court deny Plaintiff's request to close Defendants' establishment pending the completion of the modifications. *Id.* at 9. Regarding attorney fees, Magistrate Reyes recommended that the Court grant Plaintiff leave to file a motion for attorney's fees within six months of the Court's order adopting the R&R, and upon a showing that Plaintiff has made reasonable efforts to enforce the injunction contained therein. *Id.* at 11.

Magistrate Reyes's R&R gave the parties fourteen days to file objections and warned that "[f]ailure to file timely objections waives the right to appeal the District Court's Order." *Id.* No objections were filed. If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt

the R&R without de novo review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citation omitted)). The Court will, however, excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts the R&R without de novo review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 16, 2023