UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Joshua Adams,

Plaintiff,

-against-

8618-8620 Third Avenue Realty Corp., and Comeau Group, Inc.,

Defendants.

**REPORT AND RECOMMENDATION**

22 Civ. 5722 (FB) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

The Court respectfully recommends that the District Court grant the joint motion to vacate the default judgment at ECF No. 23 for the reasons set forth below.

**I. Background**

Plaintiff Joshua Adams ("Plaintiff") filed this action on September 23, 2022. See ECF No. 1. He alleges that Defendants 8618 Third Avenue Realty Group and Comeau Group, Inc. ("Defendants") violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., because their real property is not accessible to Plaintiff, who uses a wheelchair to ambulate. See id. He seeks injunctive relief so he can visit their property. See id. Plaintiff alleges that he served Defendants with the summons and complaint on September 26, 2022. See ECF Nos. 8, 9. Defendants did not answer or otherwise respond, so Plaintiff requested certificates of default. See ECF Nos. 10, 11. The Clerk of Court entered the defaults. See ECF Nos. 12, 13. Plaintiff moved for a default judgment. See ECF Nos. 14, 15. On July 28, 2023, the Court issued a report recommending that the District Court (1) grant a default judgment on Plaintiff's ADA claims; (2) issue an injunction requiring Defendants to remove the architectural barriers identified by Plaintiff and make their facilities ADA compliant, as detailed in the report

and recommendation; and (3) grant Plaintiff leave to file a motion for attorney's fees within six months of any order adopting the report and recommendation, and upon a showing that Plaintiff made reasonable efforts to enforce the injunction.  See ECF No. 16.  The District Court adopted the report and recommendation on August 16, 2023.  See ECF No. 18.  That same day, the District Court entered judgment against Defendants.  See ECF No. 19.

Plaintiff's counsel moved for attorney's fees.  See ECF No. 20.  The motion was denied without prejudice to being refiled with evidence in support of compliance with the judgment and with Federal Rule 54(2).  ECF Order 2/20/24.

Counsel for Defendants filed a motion to appear pro hac vice on February 21, 2024.  See ECF No. 21.  The application was granted that same day.  See ECF Order 2/21/24.  Counsel for Defendants filed the herein motion to set aside the default judgment on consent on February 26, 2024.  See ECF No. 23.  The letter motion included the following relevant information:

> My client indicated to me that they were recently served with a motion for final default judgment and retained me shortly thereafter.  My client also indicated to me this default was the result of their prior counsel's failure to answer or respond to the action in a timely fashion.
>
> Since being retained by the defendants, I have spoken to the plaintiff's counsel, Ms. Barducci, and she has consented to letting this matter back onto the calendar so that we can negotiate in good faith to settle and resolve this matter expeditiously.
>
> Accordingly, I write to request, with the consent of the plaintiff's counsel, that the Clerk's Entry of Default be set aside . . . .

ECF No. 23.

**II. Discussion**

The decision whether to grant a party's Federal Rule of Civil Procedure 60(b) motion is "committed to the 'sound discretion' of the district court."[1] Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quoting In re Emergency Beacon Corp., 666 F.2d 757, 760 (2d Cir. 1981)). Per Federal Rule of Civil Procedure 60(b)(1), a court may vacate a final judgment for a mistake, inadvertence, surprise or excusable neglect. A district court deciding whether to vacate a default judgment pursuant to Rule 60(b)(1) must consider "three principal factors: (a) whether the default was willful, (b) whether the defendant demonstrates the existence of a meritorious defense, and (c) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004)).

As to the first factor, it does not appear that Defendants' failure to participate in this action was willful. According to their new counsel's letter, they had retained counsel at some point during the litigation, but that prior counsel failed to respond appropriately. See ECF N0. 23. The timeline described by the new counsel as to his clients' response to the judgment is somewhat confusing in that he states that Defendants were "recently served with a motion for final default judgment," id., which according to the docket, had been served in February 2023, see ECF No. 14 at ECF page no. 18. Nonetheless, soon upon receipt of information about the default judgment, Defendants appear to have retained the new counsel who reached out to Plaintiff's counsel. See ECF No. 23. Despite the Defendants' previous counsel's error, Plaintiff consents to the relief requested. See id.

---

[1] Although the motion letter refers to vacating the "Clerk's Entry of Default", ECF No. 23, the Court understands Defendants to be requesting that both the entries of default and the default judgment be vacated, so the Court looks to Federal Rule of Civil Procedure 60.

Rule 60(b)(1) can be applied to rectify the mistake of attorneys that would adversely affect their clients. See Ins. Co. of N. Am. v. S/S Hellenic Challenger, 88 F.R.D. 545, 548 (S.D.N.Y. 1980) (citing Fischer v. Dover Steamship Co., 218 F.2d 682 (2d Cir. 1955); Greenspun v. Bogan, 492 F.2d 375 (1st Cir. 1974)). "(T)he liberal construction is usually reserved for instances where error is due to failure of attorneys or other agents to act on behalf of their clients, . . . ." Greenspun, 492 F.2d at 382. Based on the particular facts of a given case, some courts have denied relief based on an attorney's error, but others have permitted relief. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (vacating judgment entered against the plaintiff on summary judgment when attorney failed to oppose motion); Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 806 (3d Cir. 1986) (granting Rule 60(b)(1) relief from a default judgment where counsel misled his client into believing he complied with discovery order); Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 417-18 (3d Cir. 1987) (finding attorneys' communications problems resulting in failure to respond to complaint to be Rule 60(b)(1) "excusable neglect" warranting relief from default judgment). The Second Circuit has considered that a non-willful failure to respond to a complaint because of the error of an agent of the defendant may weigh against granting relief, but it does not preclude it. See Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996).

In this case, although the Court could hold their first attorney's failure against Defendants, the Court cannot find that Defendants themselves were willful in their default, such that this factor is neutral in the Rule 60 analysis.

As to the second factor, failure to raise a meritorious defense is a sufficient ground upon which to deny a motion to vacate. See State St. Bank & Tr. Co., 374 F.3d at 174. Defendants have not stated what defenses they have, if any, to Plaintiff's claims; instead, they have indicated

their desire to settle this matter. See ECF No. 23. Despite the omission of any defenses from the motion, however, the Court believes that a pragmatic approach to evaluating this factor is most appropriate. Here, Plaintiff seeks to have Defendants undertake numerous improvements to their real property located in Brooklyn. See ECF No. 1 ¶ 14. Plaintiff working cooperatively with Defendants would be much more likely to achieve the sought-after improvements on the Property in the relative near future as compared to the Court enforcing its injunction. Without Defendants' cooperation, it is unlikely that Plaintiff can have the requested improvements made without Court intervention because, as a practical matter, Plaintiff would lack access to the Property, the ability to investigate and determine whether the alleged ADA-violative conditions still exist at the Property, the ability to influence the application to the New York City Department of Buildings for approvals for any construction required, or any input on alterations on the Property. In addition, the Court granted the default judgment by adopting the report and recommendation which included a provision that Plaintiff be granted leave to file a motion for attorney's fees upon a showing that Plaintiff had made reasonable efforts to enforce the injunction. See ECF Nos. 16 at 10; 18. In order for Plaintiff to satisfy this standard, Plaintiff would need to work with Defendants; it would be much more efficient for Plaintiff and Defendants to do so cooperatively, without Court intervention. In toto, the defenses factor is neutral as to the motion to vacate, but Defendants' willingness to work to settle the case favors vacatur.

     As to the third factor, "prejudice" to the non-defaulting party must be more than delay alone and examples of prejudice include delay which "may thwart plaintiff's recovery or remedy . . . [or] result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." New York v. Green, 420 F.3d 99, 110 (2d Cir.

2005) (internal citations & quotations omitted). Here, Plaintiff does not contend that he would face prejudice should this Court vacate the default judgment. See, e.g., Lu v. Nisen Sushi of Commack, LLC, No. 18 Civ. 7177 (RJD) (ST), 2022 WL 16754744, at *7 (E.D.N.Y. Aug. 29, 2022), report & recommendation adopted, No. 18 Civ. 7177 (RJD) (ST), 2022 WL 4597436 (E.D.N.Y. Sept. 30, 2022); U.S. v. Burnette, No. 98 Civ. 6756 (CPS), 2007 WL 201164, at *4 (E.D.N.Y. Jan. 23, 2007). This factor thus favors vacatur.

## III. Conclusion

The goal of this ADA litigation is to improve access to the Property for Plaintiff. The Court's default judgment anticipated that Plaintiff would work with Defendants to achieve the access improvements needed at the Property. These ends would be most effectively achieved by Plaintiff, Defendants and their respective counsel working cooperatively together to remedy any actual accessibility defects at the Property. Given that Plaintiff does not oppose vacatur, and the vacatur factors are neutral to slightly favoring the grant of the motion, this Court respectfully recommends that the judgment at ECF No. 19 be vacated, and that the certificates of default at ECF Nos. 12 and 13 be vacated as well.

## IV. Objections

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to

the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)). Any party may waive its right to object in writing prior to the conclusion of the fourteen-day window.

***

Defendants are to answer the Complaint within fourteen days of the District Court's adoption of this report and recommendation, if it is adopted. Within fourteen days of the filing of the answer, the parties are to file a joint proposed discovery schedule for the magistrate judge's review. If the parties seek a referral to Court-annexed mediation, they should file a joint letter request on the docket. Information about the Court's mediation program is available on the Court's website at https://www.nyed.uscourts.gov/alternative-dispute-resolution.

Dated: Brooklyn, New York
September 6, 2024

Vera M. Scanlon
VERA M. SCANLON
United States Magistrate Judge