UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSHUA ADAMS,

              Plaintiff,

    -against-

8618-8620 THIRD AVENUE REALTY
CORP., and COMEAU GROUP, INC.,

              Defendants.

**MEMORANDUM AND ORDER**
Case No. 22-cv-5722

---

*Appearances:*
*For the Plaintiff:*
MARIA CONSTANZA BARDUCCI
Barducci Law Firm PLLC
5 West 19th Street, 10th Floor
New York, NY 10011

*For the Defendant:*
MICHAEL SCARPATI
Scarpati Law
40 Wall Street, 29th Floor
New York, NY, 10005

**BLOCK, Senior District Judge:**

On September 23, 2022, plaintiff Joshua Adams ("Plaintiff") commenced this action, alleging that 8618-8620 Third Avenue Realty Corp. and Comeau Group, Inc. ("Defendants") violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, by owning and operating property that is inaccessible to Plaintiff, who is wheelchair-bound. Plaintiff, who requested injunctive relief, served Defendants on September 26, 2022. After the Defendants did not answer or otherwise respond, the Plaintiff requested certificates of default, which the Clerk of Court entered on December 28, 2022.

1

Plaintiff then moved for default judgment, and on August 16, 2023, the Court adopted a Report and Recommendation of Magistrate Judge Ramon Reyes, which granted Plaintiff default judgment on the ADA claims, issued an injunction requiring Defendants to remove architectural barriers on the relevant property, and granted Plaintiff leave to move for attorney's fees. After Plaintiff moved for attorney's fees, counsel for Defendant appeared and by letter motion on February 26, 2024, moved to set aside the default judgment. Defendant's counsel explained that "this default was the result of [Defendant's] prior counsel's failure to answer or respond to the action in a timely fashion." Defs.' Letter Mot. to Set Aside Default, ECF No. 23. Defendants' counsel added that Plaintiff's counsel "has consented to letting this matter back onto the calendar so that we can negotiate in good faith to settle and resolve this matter expeditiously." *Id.*

On September 6, 2024, Magistrate Judge Vera Scanlon issued a Report and Recommendation ("R&R") recommending that Defendants' motion to set aside the default be granted. Magistrate Judge Scanlon evaluated three factors in considering whether or not Defendants' motion to vacate the default judgment ought to be granted pursuant to Federal Rule of Civil Procedure 60(b). R&R at 3. Magistrate Judge Scanlon considered (a) whether the default was willful, (b) whether the Defendants demonstrated the existence of a meritorious defense, and (c) whether,

and to what extent, vacating the default would prejudice the Plaintiff. *Id.* (citing *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013)).

Magistrate Judge Scanlon reasoned that the first two factors—the willfulness of Defendants' earlier default and demonstration of a meritorious defense—were neutral. The third factor, however, weighed in favor of granting Defendants' motion, Magistrate Judge Scanlon reasoned, because Plaintiff did not contend that prejudice would result from vacating the default judgment. *Id.* at 5–6. Since Plaintiffs did not oppose vacatur, and these three factors are neutral-to-positive, Magistrate Judge Scanlon recommended vacating the default. *Id.* at 6.

Magistrate Judge Scanlon's R&R gave the parties fourteen days to file objections, i.e., until September 20, 2024, and warned that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." *Id.* No objections have been filed. If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)). However, the Court will excuse the failure to object and conduct *de novo* review if it appears the magistrate judge

3

committed plain error.  See *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R.  Accordingly, the Court adopts the R&R without *de novo* review.  Defendants' motion to vacate the default judgment is granted. Defendants are directed to answer Plaintiff's complaint within fourteen days of the entry of this order. Within fourteen days of the filing of the answer, the parties are to file a joint proposed discovery schedule for the Magistrate Judge's review.

**SO ORDERED.**

                                        _/S/ Frederic Block_____
                                        FREDERIC BLOCK
                                        Senior United States District Judge

Brooklyn, New York
September 23, 2024